The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE UNIVERSITY OF WASHINGTON, a Washington state agency; THE CENTER FOR HUMAN RIGHTS AT THE UNIVERSITY OF WASHINGTON, a research center created by state law; and ANGELINA GODOY, director of the Center,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>        Defendants. | Case No. 2:24-cv-01872-LK<br><br>MOTION FOR A STAY IN LIGHT OF LAPSE IN APPROPRIATIONS<br><br>NOTED FOR CONSIDERATION: MARCH 27, 2026 |

The United States Immigration and Customs Enforcement (ICE) respectfully requests a stay of the proceedings in this case due to the lapse in appropriations. ICE attests that good cause exists for staying the proceedings in this case because the ICE FOIA Office has been furloughed. Declaration of Kenneth N. Clark (Clark Decl.) ¶¶ 4, 10-19. The parties have previously met and conferred to discuss ICE's request for a stay, but did not reach an agreement. *See* Dkt. 31. Counsel for the parties communicated via email in advance of this motion to confirm that their positions have not changed.

MOTION FOR A STAY IN LIGHT
OF LAPSE IN APPROPRIATIONS
[2:24-cv-01872-LK] - 1

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

On February 13, 2026, the Department of Homeland Security (DHS) experienced a lapse in appropriations affecting ICE, and in particular, ICE's FOIA Office. Clark Decl. ¶¶ 10-19, 21. ICE's Assistant Director of the Office of Information Governance and Privacy (OIGP) Kenneth Clark testifies that "ICE cannot meaningfully participate in FOIA processing or FOIA litigation in this case during the lapse in appropriations" because "the ICE FOIA operations have been treated as a non-excepted function, and all ICE FOIA Office employees, including the ICE FOIA Director, were furloughed," and "[a]s furloughed employees, they are not authorized under applicable lapse-in-appropriations guidance and the Antideficiency Act to perform work on FOIA matters, including both administrative FOIA processing and FOIA-related litigation support." *Id*. ¶¶ 21, 12.

District courts have inherent power to stay proceedings in cases. *Or. Mut. Ins. Co. v. Ham & Rye, LLC*, No. C10-579RJB, 2010 WL 2787852, at *3 (W.D. Wash. July 14, 2010). The "power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id*. (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When determining whether to stay proceedings, a court should weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation omitted).

ICE asserts that the above factors weigh in favor of granting a stay of proceedings in this FOIA case for the reasons set forth in the Clark Declaration. In particular, Assistant Director Clark attests that "the FOIA Director and other FOIA staff who would normally serve as declarants are

MOTION FOR A STAY IN LIGHT
OF LAPSE IN APPROPRIATIONS
[2:24-cv-01872-LK] - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

furloughed and unavailable," and "[t]hey cannot lawfully work on drafting, reviewing, or finalizing declarations, nor can they oversee the FOIA operations that such declarations would describe or provide the detailed factual information that ICE litigation counsel rely upon in FOIA cases." Clark Decl. ¶ 17. He explains that "during the lapse in appropriations, ICE lacks both the legal authority and the practical ability, through its FOIA office, to adequately respond to FOIA requests during the administrative phase and for the agency counsel to properly defend the agency in FOIA lawsuits." *Id*. ¶ 18.

This Court recently set a briefing schedule for Plaintiffs' motion for summary judgment. Dkt. 32. In order for ICE to file a cross-motion for summary judgment, ICE will need the support of the FOIA office to, *inter alia*, provide factual declarations explaining the basis for and supporting ICE's actions. Because the ICE FOIA office is furloughed, ICE has not requested a cross-motion schedule as provided in this Court's Chamber Procedures. *See* Dkt. 5, § V(H). ICE therefore requests a stay of the briefing schedule until appropriations are restored and ICE is in position to file a cross-motion for summary judgment. Courts in this District have stayed FOIA processing and briefing schedules due to previous lapses in appropriations. *See Johnson v. BOP*, No. 2:25-cv-01181, Dkt. 35 (W.D. Wash Oct. 30, 2025) (staying FOIA processing and briefing schedule due to lapse in appropriations and directing new schedule to automatically follow end of lapse of appropriations).

Plaintiff has argued that the ICE's Office of the Principal Legal Advisor (OPLA) is currently funded, and this counsels against a stay. *See* Dkt. 31. But Assistant Director Clark testifies that "OPLA attorneys . . . may not work on this case during the lapse in appropriations," because it is not "classified as exempt or excepted under DHS and ICE procedures for lapses in appropriations and the Antideficiency Act." Clark Decl. ¶ 19.

MOTION FOR A STAY IN LIGHT
OF LAPSE IN APPROPRIATIONS
[2:24-cv-01872-LK] - 3

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

ICE therefore respectfully requests a stay of this litigation until Congress has restored appropriations. Once Congress has restored funding, ICE proposes two alternatives. First, 15 days following the end of the lapse in appropriations, the parties jointly propose a cross-motion briefing schedule. Alternatively, ICE respectfully requests that this Court direct that ICE file its motion for summary judgment 60 days following the end of the lapse in appropriations.

## I.    CONCLUSION

Based on the foregoing, ICE respectfully requests that this case be stayed for the duration of the current lapse in appropriations.

DATED this 13th day of March, 2026.

Respectfully submitted,

s/ Katie D. Fairchild
KATIE D. FAIRCHILD, WSBA No. 47712
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:  206-553-4067
Email:  katie.fairchild@usdoj.gov

*Attorney for Defendants*

*I certify that this memorandum contains 856 words, in compliance with the Local Rules.*

MOTION FOR A STAY IN LIGHT
OF LAPSE IN APPROPRIATIONS
[2:24-cv-01872-LK] - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970