UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE UNIVERSITY OF WASHINGTON, a
Washington state agency; THE CENTER FOR
HUMAN RIGHTS AT THE UNIVERSITY OF
WASHINGTON, a research center created by
state law; and ANGELINA GODOY, director of
the Center,

       Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; and UNITED
STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT,

       Defendant.

Case No. 2:24-cv-01872-LK

**DECLARATION OF KENNETH N. CLARK**

I, Kenneth N. Clark, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.     I am the Assistant Director of the Office of Information Governance and Privacy ("OIGP") at U.S. Immigration and Customs Enforcement ("ICE"), a component of the U.S. Department of Homeland Security ("DHS"). I have held the Assistant Director position since August 18, 2019. Prior to this position, I served as Deputy Assistant Executive Director for the Law Enforcement Information Sharing Initiative in the Homeland Security Investigations directorate.

2.     OIGP oversees the management, sharing, protection, and disclosure of ICE data and information in accordance with law, policy, and standards. OIGP implements the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, at ICE and collaborates with ICE and DHS partners to build privacy protections into ICE programs and systems and to develop data governance solutions.

3.      OIGP is comprised of two branches: the ICE FOIA Unit and the ICE Privacy Unit. As Assistant Director, I oversee both branches. The ICE FOIA Director leads the ICE FOIA Unit and reports to me, and ICE FOIA staff are organizationally located within that unit in OIGP. Through the ICE FOIA Director, I receive regular briefings on FOIA staffing levels, workload, backlog, and litigation demands, and I am involved in decisions regarding FOIA resource allocation and prioritization. As a result, I am familiar with the day-to-day operations and litigation workload of the ICE FOIA Office.

4.      I make this declaration in support of ICE's request for a stay of this litigation during the current lapse in appropriations. I am familiar with ICE's FOIA operations and with the impact of the current lapse in appropriations on those operations. During the lapse in appropriations, I am excepted from furlough in my role as Assistant Director, OIGP. My functions during the lapse are limited to high-level oversight, including government oversight of contractor activities and response to critical taskings; I do not perform day-to-day FOIA processing or FOIA litigation work myself. I am providing this declaration because, with the ICE FOIA Director and other FOIA federal employees who would ordinarily serve as declarants in FOIA litigation currently in furlough status, I am the appropriate official available to explain ICE FOIA's status and operations during the lapse in appropriations.

5.      The statements in this declaration are based on my personal knowledge, my review of records maintained in the ordinary course of ICE business, and information provided to me in the course of my official duties by personnel within OIGP and the ICE FOIA Office.

## I.    ICE FOIA's Operations Under Normal Appropriations

6.    The ICE FOIA Office is the centralized office responsible for receiving, tasking, and processing FOIA requests directed to ICE, coordinating searches with ICE program offices, reviewing records for responsiveness, applying FOIA exemptions, and issuing responses.

7.    When the ICE FOIA Office receives a proper FOIA request, it assigns the request to a case management system, identifies the ICE program offices reasonably likely to maintain responsive records, and issues taskings to those program offices. Program offices then identify custodians and systems, conduct searches, and return potentially responsive records to the ICE FOIA Office.

8.    The ICE FOIA Office then reviews the collected records for responsiveness and applies FOIA exemptions as appropriate, while ensuring reasonably segregable non-exempt information is released. The ICE FOIA Office also coordinates any necessary consultations or referrals with other agencies.

9.    In FOIA litigation, the ICE FOIA Office is the primary operational client that supports ICE counsel representing the agency in FOIA lawsuits ICE FOIA staff identify and task appropriate program offices, oversee searches, collect and process records, and provide factual information necessary for sworn declarations and *Vaughn Indices*. Without the ICE FOIA Litigation team, agency counsel cannot adequately represent the agency in FOIA litigations because factual information relating to the agency's obligation under the FOIA to conduct a reasonable search and applying appropriate FOIA Exemptions would not be available.

## II.    Lapse in Appropriations and Furlough of the ICE FOIA Office

10.    On Friday, February 13, 2026, DHS experienced a lapse in appropriations affecting ICE. In connection with this lapse, ICE implemented its contingency (shutdown) plan consistent with applicable law, including the Antideficiency Act.

3

11.     Consistent with DHS and ICE procedures for lapses in appropriations, certain ICE activities are treated as "excepted" (and therefore authorized to continue during the lapse in appropriations), while other activities are treated as "non-excepted" (and therefore must cease during the lapse and associated employees are placed in furlough status).

12.     For purposes of this lapse in appropriations, the ICE FOIA operations have been treated as a non-excepted function, and all ICE FOIA Office employees, including the ICE FOIA Director, were furloughed effective Friday, February 13, 2026. As furloughed employees, they are not authorized under applicable lapse-in-appropriations guidance and the Antideficiency Act to perform work on FOIA matters, including both administrative FOIA processing and FOIA-related litigation support.

13.     Therefore, the agency cannot respond to new or pending FOIA requests; conduct or oversee searches for responsive records; coordinate with operational program offices FOIA points of contact; review records for responsiveness and applicable exemptions; make release determinations; nor prepare and issue productions. Furthermore, the ICE FOIA Director, who is the agency's declarant in FOIA lawsuits, is also furloughed.

### III.     Impact on FOIA Processing and FOIA Litigation

14.     Because the entire ICE FOIA Office has been furloughed, and in order to comply with the Antideficiency Act, ICE is not currently processing FOIA requests in the ordinary course, including FOIA request(s) at issue in this case, and cannot take the steps necessary to search for, review, and produce records responsive to that request or to provide FOIA processing support needed to advance this litigation.[1]

---

[1] Please note, under certain very limited and exigent circumstances ICE may be able to resort to hired contractors to process court-ordered productions. However, because the agency's FOIA resources remain extremely strained during the shutdown, this is a measure of last resort.

15.     FOIA litigation depends on the ICE FOIA Office to provide the factual foundation for the government's litigation positions. In particular, ICE litigation counsel rely on ICE FOIA personnel to: (a) identify and coordinate searches of custodians and systems reasonably likely to contain responsive records; (b) task the appropriate program offices and document the search efforts; (c) collect, organize, and track potentially responsive records; (d) review records and apply FOIA exemptions; and (e) provide factual information for sworn declarations and *Vaughn Indices* explaining searches, processing, and withholdings.

16.     With the ICE FOIA Office furloughed, the FOIA-specific tasks described above are not being performed by ICE FOIA for the FOIA request(s) and litigation at issue in this case. As a result, agency counsels do not have access to the usual FOIA client support that is required to substantively advance this FOIA litigation during the lapse in appropriations.

17.     In particular, the FOIA Director and other FOIA staff who would normally serve as declarants are furloughed and unavailable. They cannot lawfully work on drafting, reviewing, or finalizing declarations, nor can they oversee the FOIA operations that such declarations would describe or provide the detailed factual information that ICE litigation counsel rely upon in FOIA cases.

18.     As a result, during the lapse in appropriations, ICE lacks both the legal authority and the practical ability, through its FOIA office, to adequately respond to FOIA requests during the administrative phase and for the agency counsel to properly defend the agency in FOIA lawsuits.

19.     My understanding, based on information provided to me in the course of my official duties, is that certain work performed by ICE's Office of the Principal Legal Advisor ("OPLA") has been classified as exempt or excepted under DHS and ICE procedures for lapses in

5

appropriations and the Antideficiency Act. In general, exempt functions are funded by appropriations that have not lapsed, such as multi-year or permanent appropriations, including expenditures funded under the One Big Beautiful Bill Act, and excepted activities are limited to those necessary for the safety of human life or the protection of property. However, FOIA litigation work that is not tied to those exempt or excepted categories, including the FOIA litigation at issue in this case, has not been authorized to continue during the lapse in appropriations. OPLA attorneys therefore may not work on this case during the lapse in appropriations, and in any event cannot substantively advance FOIA litigation without the FOIA searches, processing, and factual support that the ICE FOIA Office would ordinarily provide.

## IV.   Resumption of FOIA Operations

20.   Once appropriations are restored and the lapse in appropriations ends, ICE will recall ICE FOIA Office personnel to duty consistent with applicable law and guidance.

21.   Until that occurs, for the reasons described above, ICE cannot meaningfully participate in FOIA processing or FOIA litigation in this case during the lapse in appropriations, and a stay of this litigation until funding is restored is necessary to allow ICE to comply with both the Antideficiency Act and its FOIA obligations.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this tenth day of March 2026.

_____
Kenneth N. Clark, Ph.D.
Assistant Director
Office of Information Governance and Privacy
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street, SW, Stop 5009
Washington, DC 20536-5009