The Honorable Lauren King

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

THE UNIVERSITY OF WASHINGTON, a Washington state agency; THE CENTER FOR HUMAN RIGHTS AT THE UNIVERSITY OF WASHINGTON, a research center created by state law; and ANGELINA GODOY, director of the Center,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

Defendants.

No. 2:24-CV-01872-LK

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A STAY IN LIGHT OF LAPSE IN APPROPRIATIONS

NOTED FOR CONSIDERATION: MARCH 27, 2026

## I.     INTRODUCTION

Plaintiffs the University of Washington, the Center for Human Rights at the University of Washington, and Angelina Godoy (collectively, "UWCHR" or "Plaintiffs") oppose Defendants United States Immigration and Customs Enforcement ("ICE") and Department of Homeland Security ("DHS"), (collectively, "ICE" or "Defendants") Motion to stay the proceedings in this case due to DHS's unilateral decision to furlough the ICE FOIA Office.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A
STAY IN LIGHT OF LAPSE IN APPROPRIATIONS (2:24-CV-01872-LK) - 1
4924-0109-3272v.8 0200873-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

ICE now seeks to freeze this FOIA litigation after recently disavowing agreements it previously made to resolve all but a discrete portion of the case.  A stay in this case is not warranted because Plaintiffs and the public will suffer damage if a stay is entered and because Defendants have not shown they would suffer hardship or inequity if the stay is not granted.  Defendants' motion should be denied.

## II.     FACTUAL BACKGROUND

On July 30, 2024, Dr. Angelina Godoy, on behalf of UWCHR, filed a request with ICE seeking proactive disclosure for three categories of records: Forms I-213, Significant Incident Reports ("SIRs"), and Segregation Review Management System logs ("SRMS logs") (the "Proactive Disclosure FOIA Request").  Dkt. 1, Compl., Ex. 1.  The request asked DHS and ICE to comply with 5 U.S.C. §552(a)(2)(D) "by posting copies of these records . . .  on a monthly basis in ICE's online FOIA reading room and to be sent directly to the University of Washington Center for Human Rights on a monthly basis."  *Id.*.  The Proactive Disclosure FOIA Request was assigned the number 2024-ICFO-50835.  *Id.*.  The Proactive Disclosure FOIA Request explained that the records at issue had been frequently requested and had been previously released to Plaintiff and to other parties after extensive delays and litigation.  *Id.*.  Having heard nothing from ICE, Plaintiffs filed the present case against ICE and DHS in Federal Court in November 2024 to enforce ICE's obligation to make this detention data proactively available allowing Plaintiffs and the public the opportunity to have vital oversight into ICE's detention practices in Washington State.  Dkt. 1, Compl.

Since the beginning of this litigation over year ago, the parties have met and conferred regarding a potential resolution of this FOIA matter without motions practice.  *See* Dkt. 22 (parties requested a 60-day stay of any briefing deadlines to continue with settlement discussions); Dkt 24. (requesting another 60-day stay); Dkt. 27 (indicating that parties reached a

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A
STAY IN LIGHT OF LAPSE IN APPROPRIATIONS (2:24-CV-01872-LK) - 2
4924-0109-3272v.8 0200873-000007

tentative agreement in principle for resolving the remainder of Plaintiffs' FOIA request and requesting another 60-day stay). All the while, in good faith, Plaintiffs have refrained from simply moving for summary judgment to enforce their rights under FOIA.

Last year, the parties reached agreements concerning the production of SRMS data, SIRs, and Form I-213 data, including narratives, and Plaintiffs relied on those agreements in good faith. *See* Dkt. 24, Dkt. 27. In January —and without identifying any intervening change in law, funding, or factual circumstances—ICE unilaterally backed out of the agreement regarding SIRs and Forms I-213 (the "Settlement Agreement"). Burke Decl. ¶ 2. ICE's reversal was not the product of continued negotiations or an impasse; it was a unilateral withdrawal from terms the parties had already resolved. Burke Decl. ¶ 3. In the meantime, ICE has not stopped detaining individuals in Washington State.

Now ICE seeks to further delay this case and the production of data it is legally mandated to produce under FOIA and the Settlement Agreement by seeking a stay of this case arguing that the lapse in appropriations has resulted in ICE's FOIA office to be furloughed. ICE supports its motion with the declaration of Kenneth N. Clark. Dkt. 34, Clark Decl.. Mr. Clark states that ICE FOIA operations have been treated as non-exempted—meaning that they must cease during the lapse—and therefore ICE FOIA employees are not authorized to perform work on FOIA matters. Clark Decl. ¶¶ 10-13. Even though ICE's Office of the Principal Legal Advisor ("OPLA") remains funded, Mr. Clark argues that without the ICE FOIA employees, OPLA cannot work on the present case during the lapse in appropriations. Clark Decl. ¶¶ 14-19.

Notably, Mr. Clark does *not* state that ICE will not comply with an order of this Court to continue proceedings in this litigation. Nor does Mr. Clark deny that ICE is obligated under FOIA to make the data sought in this litigation public on a proactive basis. ICE cannot ignore what FOIA requires and repudiate agreed-upon production obligations while asking this Court to

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A
STAY IN LIGHT OF LAPSE IN APPROPRIATIONS (2:24-CV-01872-LK) - 3
4924-0109-3272v.8 0200873-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

reward its conduct by halting the case altogether.  To do so would be to allow ICE to continue to detain thousands of individuals while simultaneously preventing the public from having any way of learning legally required, critical details about those detainments.

### III.    ARGUMENT

ICE seeks this court to grant a stay of this case under the court's inherent power.  Dkt. 33, Mot. to Stay.  "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).  Specifically, courts analyze "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  Here, the factors weigh heavily in favor of denying the stay.

### A.    Plaintiffs and the Public Will Suffer Damage if the Case is Stayed

A stay in this case will prevent timely access to vital government information, further adding to ICE's unjustified delay in producing documents under Plaintiffs' FOIA request and Settlement Agreement.  ICE's request to stay this case is troubling given that ICE has repeatedly failed to timely disclose draft, unredacted Forms I-213 and SIRs, forcing Plaintiffs to pursue multiple FOIA requests and lawsuits over many years.  Compl., Ex. 1.  ICE is now repudiating agreements it previously made.  Burke Decl. ¶ 2.  In the meantime, ICE continues to detain thousands of individuals while simultaneously engaging in bad faith conduct aimed at avoiding its obligations under FOIA and preventing the public from knowing critical details about those detainments.  It appears that this furlough narrative is another strategy in ICE's playbook to avoid its FOIA obligations, which aligns with ICE's current practice of ignoring and delaying

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A
STAY IN LIGHT OF LAPSE IN APPROPRIATIONS (2:24-CV-01872-LK) - 4
4924-0109-3272v.8 0200873-000007

requests for information in violation of FOIA.  *See* Burke Decl. ¶ 4, Ex A.  As reported in the Columbia Journalism Review, nearly two dozen reporters and watchdog groups have described ICE's months-long delays and blanket denials to FOIA requests, or responses so heavily redacted as to be unusable.  *Id*.  Multiple media organizations and transparency advocates contend that these practices violate FOIA's statutory deadlines and disclosure requirements, forcing newsrooms to sue simply to obtain minimal records.  *Id*.  Likewise, the *Washington Post* has reported that staffing at multiple federal agencies has undermined access to public records under FOIA since President Trump took office last year, with ICE and DHS frequently telling courts they could not meet their deadlines under FOIA due to cuts in their FOIA offices even when these agencies have not been targeted for downsizing.  *See* Burke Decl. ¶ 5, Ex B.

At a time where ICE has significantly increased its arrests and detentions of individuals around the country, oversight and public accountability of ICE's practices through FOIA is of the utmost importance.  *See Am. C.L. Union Found. of S. California v. United States Immigr. & Customs Enf't*, 739 F. Supp. 3d 805, 826 (C.D. Cal. 2023), *reconsideration denied,* 347 F.R.D. 518 (C.D. Cal. 2024) (disclosure of certain information about immigrants who passed away while in ICE custody was in the public interest because the information was "sufficiently important to the public's understanding of how Defendants handle the care of sick detainees, whether Defendants engage in practices intended to conceal the number of deaths of detainees in their custody, and goes to the public's right to know 'what their government is up to.'").

**B.    ICE Fails to Show They Will Suffer Hardship**

ICE's lapse in appropriation will not cause hardship to ICE such that it justifies staying this case.  ICE supports its request for a stay arguing that "under DHS and ICE procedures for lapses in appropriations," the FOIA office has been shut down, although certain functions of the OPLA are excepted or exempted from the shutdown.  Clark Decl. ¶ 19.  According to Mr. Clark,

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A
STAY IN LIGHT OF LAPSE IN APPROPRIATIONS (2:24-CV-01872-LK) - 5
4924-0109-3272v.8 0200873-000007

the reason ICE FOIA's office has been shut down is because "ICE FOIA operations have been treated as a non-excepted function." Clark Decl. ¶ 12. ICE's arguments are misleading and its closure of FOIA's office violates federal law.

*First*, FOIA compliance at ICE does not run exclusively through the "ICE FOIA Office." It is funded through multiple nodes, including the Mission Support Account within ICE's Operations and Support Budget (Account 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) and OPLA. *See* Pub. L. 119-21, Title IX; Burke Decl. ¶ 6, Ex C at 16. Nor is FOIA compliance centralized in the ICE FOIA Office. Burke Decl. ¶ 7, Ex D. While that office performs intake and tasking functions, FOIA compliance is distributed throughout ICE. *See Id*. at 28-29 (Explaining that ICE's proactive disclosure process includes coordination with "various ICE programs offices such as the Office of Public Affairs, OPLA, and Office of the Chief Information Officer."). OPLA is responsible for all FOIA requests once litigation is filed, including appeals and litigation-related processing. *Id.* ¶ 8, Ex. E at 27. ICE has independent FOIA compliance obligations; those obligations do not vanish because ICE has chosen to furlough a particular office.

Critically, ICE OPLA is *not* furloughed. It is fully funded through fiscal year 2029 under OB3 (Account 070-25/29-0540, Pub. L. 119-21, Title IX), a separate statutory account expressly delineated in DHS's budget submissions to Congress. *See* Pub. L. 119-21, Title IX; Burke Decl. ¶ 6, Ex C, Account 070-25/29-0540. ICE's assertion that it lacks available declarants or cannot engage in litigation FOIA tasks is flatly contradicted by the funding Congress has provided for precisely those functions.

*Second*, ICE states that "ICE implemented its contingency (shutdown) plan *consistent with applicable law*." Clark Decl. ¶ 10 (emphasis added). Not so. On the contrary, the closure of ICE's FOIA office runs afoul of existing law: FOIA itself. Under 5 U.S.C. 552(a)(2)(B), (C), (E), interpretations of policy, including instructions to staff, manuals, etc. cannot be used against

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A
STAY IN LIGHT OF LAPSE IN APPROPRIATIONS (2:24-CV-01872-LK) - 6
4924-0109-3272v.8 0200873-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

a party in litigation unless those interpretations are published. 5 U.S.C. 552(a)(2)(E) ("A final order, opinion, statement of policy, interpretation, or staff manual or instruction that affects a member of the public may be relied on, used, or cited as precedent by an agency against a party other than an agency only if - (i) it has been indexed and either made available or published as provided by this paragraph; or (ii) the party has actual and timely notice of the terms thereof."). ICE and DHS have published no statements of policy, interpretation, or instruction explaining a purported shutdown of the ICE FOIA Office or identifying which FOIA functions are suspended. DHS has a set of procedures relating to a lapse in appropriations dated September 29, 2025, but it does not contain sufficient information to explain ICE's current interpretations because 1) it does not mention FOIA anywhere; and 2) funds appropriated in OB3 (Account 070-25/29-0540, Pub. L. 119-21, Title IX), which contains ample funding for DHS and ICE, became available October 1, 2025; this September 29, 2025 document does not contain explanations of which functions should be excepted given funding streams which became available after that document was created. *See* Pub. L. 119-21, Title IX; Burke Decl. ¶¶ 6, 9, Exs. C, F.

Nor are ICE's interpretations that FOIA work is not excepted or exempted obvious or rooted in any published statute. In fact, some of ICE's public information functions—even some that appear closely associated with its FOIA functions—clearly remain active during the current shutdown. For example, ICE's FOIA Reading Room has continued to post releases after February 13, 2026, ICE continues to post information on X, and ICE's media office continues to post news releases about people it arrests. Burke Decl. ¶¶ 10-12, Exs. G-I. Viewed another way, even during the partial government shutdown, ICE releases information to the public when doing so helps ICE.

All this shows that ICE is making unilateral internal determinations about what constitutes and what does not constitute excepted or exempted without any legal support.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A
STAY IN LIGHT OF LAPSE IN APPROPRIATIONS (2:24-CV-01872-LK) - 7
4924-0109-3272v.8 0200873-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Neither OB3 nor DHS' 2026 appropriations package provide funding specifically allocated for tweeting or posting press releases, yet ICE continues to do so.  *See* Pub. L. 119-21, Title IX; Burke Decl. ¶ 8, Ex. E.

Evidently, ICE has created its own secret, unpublished shutdown policy which uses the partial lapse in appropriations to justify a cessation of certain public reporting functions required under FOIA.  ICE should not be allowed to do so.  *See Ctr. to Advance Sec. in Am. v. United States Agency for Int'l Dev.*, No. 24-3505, 2025 WL 763735, at *2 (D.D.C. Mar. 11, 2025) ("the Court is skeptical that an agency can avoid its obligations under FOIA—including the obligation to process a request in an efficient and prompt manner—by simply implementing a reduction-in-force that either terminates or places on administrative leave all but three direct hire FOIA staff and, more generally, by reducing the agency's overall FOIA staff.") (citations omitted); *Cediel v. U.S. Dep't of Health & Hum. Servs.*, No. 1:24-cv-02289 (D.D.C. Apr. 24, 2025) (denying agency's request for a stay reasoning "[i]t is no excuse—and it will be no excuse—for the agencies to assert that they are now unable to respond to Plaintiff's requests or proposals because they are understaffed. . . .  The failure of Congress to appropriate funds sufficient for an agency to meet its FOIA obligations is one thing.  It is another thing altogether for any agency simply to decline to expend the funds that Congress has provided."); *Women's Refugee Comm'n v. United States Dep't of Homeland Sec.*, No. 1:25-cv-07982 (S.D.N.Y. Mar. 16, 2026) (denying DHS's request for a stay due to lapse in appropriations).

## IV.    CONCLUSION

This Court should deny ICE's effort to avoid vital transparency at the same time that the agency continues to detain hundreds of people in Washington State.  Plaintiffs are prepared to file their opening summary judgment motion by March 30, 2026, consistent with the briefing schedule

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A
STAY IN LIGHT OF LAPSE IN APPROPRIATIONS (2:24-CV-01872-LK) - 8
4924-0109-3272v.8 0200873-000007

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

that this Court has already ordered.  For all the foregoing reasons, the court should deny ICE's motion to stay this case.

DATED: March 23, 2026

Respectfully submitted,

Davis Wright Tremaine LLP
Special Assistant Attorneys General

By  */s/ Thomas R. Burke*
Thomas R. Burke, (*admitted pro hac vice*)
Ambika Kumar, WSBA #38237
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone:  (206) 622-3150
thomasburke@dwt.com
ambikakumar@dwt.com

*Attorneys for Plaintiffs, the Center for Human Rights at the University of Washington, the University of Washington, and Angelina Godoy*

*I certify that this memorandum contains 2,596 words, in compliance with the Local Rules.*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A
STAY IN LIGHT OF LAPSE IN APPROPRIATIONS (2:24-CV-01872-LK) - 9
4924-0109-3272v.8 0200873-000007