UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIVERSITY OF WASHINGTON et al., | CASE NO. 2:24-cv-01872-LK |
| Plaintiff, | ORDER DENYING MOTION TO STAY AND CONTINUING BRIEFING SCHEDULE |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al., | |
| Defendants. | |

This matter comes before the Court on Defendant United States Immigration and Customs Enforcement's Motion for a Stay in Light of Lapse in Appropriations. Dkt. No. 33. Plaintiffs oppose the motion. Dkt. No. 35. For the reasons set forth below, the Court denies the motion.

## I.    BACKGROUND

On November 13, 2024, Plaintiffs University of Washington, the Center for Human Rights at the University of Washington, and the Center's Director filed this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., as amended. Dkt. No. 1. Plaintiffs seek an order enjoining the Department of Homeland Security ("DHS") and Immigration and Customs

ORDER DENYING MOTION TO STAY AND CONTINUING BRIEFING SCHEDULE - 1

Enforcement ("ICE") "from continuing to improperly withhold three categories of agency records concerning federal immigration enforcement in Washington State, and to compel ICE and DHS to disclose these records by publishing them on the internet" and providing them to Plaintiffs directly. *Id.* at 2. Plaintiffs describe the records sought as "Forms I-213, Significant Incident Reports ("SIR" or "Significant Event Notifications"), and Segregation Review Management System logs ("SRMS logs")[.]" *Id.* Since the filing of this action, the Court imposed a briefing schedule for cross-motions for summary judgment, Dkt. No. 19, continued that schedule at the parties' joint request, Dkt. Nos. 20–21, and stayed the case at the parties' request through February 27, 2026 while they worked cooperatively to try to resolve the matter, Dkt. Nos. 22–25, 27–30.

On February 27, 2026, the parties filed a joint status report indicating a disagreement about whether the stay should continue. Dkt. No. 31. Because the stay lapsed and no party filed any motion for relief from the stay, the Court re-issued a briefing schedule for Plaintiffs' motion for summary judgment and noted that any request for a Court order—including a continued stay—had to be made by motion. Dkt. No. 32. Defendants subsequently filed this motion. Dkt. No. 33.

## II.    DISCUSSION

### A.    Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party

may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

**B.      The Court Denies the Request for a Stay**

ICE requests a stay in this matter because on February 13, 2026, DHS experienced a lapse in appropriations. Dkt. No. 33 at 2. It filed a declaration from Kenneth Clark, the Assistant Director of the Office of Information Governance and Privacy at ICE, who states that he is providing a declaration because "the ICE FOIA Director and other FOIA federal employees who would ordinarily serve as declarants in FOIA litigation [are] currently in furlough status[.]" Dkt. No. 34 at 2. Mr. Clark explains that "[c]onsistent with DHS and ICE procedures for lapses in appropriations, certain ICE activities are treated as 'excepted' (and therefore authorized to continue during the lapse in appropriations), while other activities are treated as 'non-excepted' (and therefore must cease during the lapse and associated employees are placed in furlough status)." *Id.* at 4. "[E]xempt functions are funded by appropriations that have not lapsed, such as multi-year or permanent appropriations, including expenditures funded under the One Big Beautiful Bill Act, and excepted activities are limited to those necessary for the safety of human life or the protection of property." *Id.* at 6; *see also* U.S. Office of Personnel Management, Guidance for Shutdown Furloughs, https://www.opm.gov/policy-data-oversight/pay-leave/furlough-guidance/guidance-for-shutdown-furloughs-1-30-2026.pdf at 4–5 (last visited Mar. 30, 2026) (defining "excepted" employees "to refer to employees whose work is funded through annual appropriations but who are not furloughed because they are performing tasks that, by law, are allowed to continue during a lapse in appropriations"; excepted work "may include emergency work involving the safety of human life or the protection of property" and other work performed "by necessary implication").

ORDER DENYING MOTION TO STAY AND CONTINUING BRIEFING SCHEDULE - 3

Mr. Clark further states that "[f]or purposes of this lapse in appropriations, the ICE FOIA operations have been treated as a non-excepted function, and all ICE FOIA Office employees, including the ICE FOIA Director, were furloughed effective Friday, February 13, 2026." Dkt. No. 34 at 4. The ICE FOIA Office has primary responsibility to "oversee searches, collect and process records, and provide factual information necessary for sworn declarations and *Vaughn* Indices" in FOIA-related litigation. *Id.* at 3. Because those employees are furloughed, "they are not authorized under applicable lapse-in-appropriations guidance and the Antideficiency Act to perform work on FOIA matters, including both administrative FOIA processing and FOIA-related litigation support." *Id.* at 4. Accordingly, ICE "cannot take the steps necessary to search for, review, and produce records responsive to [the FOIA requests in this case] or to provide FOIA processing support needed to advance this litigation." *Id.* Mr. Clark explains that although "certain work performed by ICE's Office of the Principal Legal Advisor ('OPLA') has been classified as exempt or excepted under DHS and ICE procedures for lapses in appropriations and the Antideficiency Act," such work only includes activities "necessary for the safety of human life or the protection of property." *Id.* at 5–6. Work on this FOIA litigation "has not been authorized to continue during the lapse in appropriations." *Id.* at 6. As a result of their furlough, OPLA attorneys cannot work on the case during the lapse in appropriations, and even if they could, they "cannot substantively advance FOIA litigation without the FOIA searches, processing, and factual support that the ICE FOIA Office would ordinarily provide." *Id.*

In light of these facts, ICE contends that all of the factors weigh in favor of a stay during the lapse in appropriations. Dkt. No. 33 at 2. ICE avers that "[i]n order for [the agency] to file a cross-motion for summary judgment, ICE will need the support of the FOIA office to, *inter alia*, provide factual declarations explaining the basis for and supporting ICE's actions." *Id.* at 3.

ORDER DENYING MOTION TO STAY AND CONTINUING BRIEFING SCHEDULE - 4

Plaintiffs respond that the parties had reached agreements concerning the production of the requested documents, and then in January 2026, "ICE unilaterally backed out of" what Plaintiffs refer to as the Settlement Agreement regarding SIRs and Forms I-213. Dkt. No. 35 at 3. Plaintiffs argue that Mr. Clark's declaration is notable for what it does not say: he does not state that ICE will refuse to comply with a Court order or with the agency's obligations under FOIA. *Id.* Plaintiffs also contend that the stay factors weigh in their favor. First, they argue that they and general public will suffer harm from a stay, which "will prevent timely access to vital government information," further delaying production of the documents under FOIA and the Settlement Agreement. *Id.* at 4. Plaintiffs accuse of ICE using "this furlough narrative" as another stall tactic. *Id.* Second, Plaintiffs argue that ICE has failed to show that it will suffer hardship absent a stay because ICE OPLA is not furloughed, the ICE FOIA Office is funded "through multiple nodes," and "the closure of ICE's FOIA office runs afoul of . . . FOIA itself." *Id.* at 6. According to Plaintiffs, "ICE's interpretations that FOIA work is not excepted or exempted [are not] obvious or rooted in any published statute." *Id.* at 7. Plaintiffs note that despite the shutdown, "ICE's FOIA Reading Room has continued to post releases after February 13, 2026, ICE continues to post information on X, and ICE's media office continues to post news releases about people it arrests," showing that ICE remains capable of releasing information to the public "when doing so helps ICE." *Id.* In sum, according to Plaintiffs, "ICE is making unilateral internal determinations about what constitutes and what does not constitute excepted or exempted without any legal support." *Id.*

Against this backdrop, the Court looks to the *CMAX* factors. The Court agrees with Plaintiffs that the first factor—the possible harm that may result from a stay—weighs in their favor because their and the public's access to important records would be delayed by a stay. *See CMAX, Inc.*, 300 F.2d at 268. As Plaintiffs contend, "[a]t a time when ICE has significantly increased its arrests and detentions of individuals around this country, oversight and public accountability of

ORDER DENYING MOTION TO STAY AND CONTINUING BRIEFING SCHEDULE - 5

ICE's practices through FOIA is of the utmost importance." Dkt. No. 35 at 5. One need only examine the hundreds of orders in this District granting immigration habeas petitions to understand the importance of disclosure of ICE activities in accordance with FOIA. *See* ProPublica, Habeas Tracker, https://projects.propublica.org/habeas-tracker/ (last visited March 30, 2026); Rachel Spacek, *Most WA federal rulings found immigrant detentions flouted due process*, InvestigateWest (Feb. 10, 2026), https://www.investigatewest.org/rulings-found-immigrant-detentions-flouted-due-process/ (last visited March 30, 2026).

The second factor, "the hardship or inequity which a party may suffer in being required to go forward," *id.*, is more nuanced. Although the Mr. Clark states that ICE's FOIA operations "have been *treated* as a non-excepted function," he does not state that ICE was legally *required* to furlough its FOIA or OPLA personnel. Dkt. No. 34 at 4 (emphasis added); *see also id.* at 6 ("FOIA litigation work that is not tied to [] exempt or excepted categories . . . has not been authorized to continue during the lapse in appropriations."). Mr. Clark references "DHS and ICE procedures" to classify work as exempt or excepted during lapses in appropriations, *id.* at 5–6, but he does not provide any such procedures. The fact that "ICE web management" and "communications personnel" continue to work during the lapse in appropriations, Dkt. No. 38 at 4, even though their work does not obviously implicate safety or the protection of property, underscores the murky nature of how the agency chooses what functions are exempt or excepted. Moreover, Plaintiffs seek to recover their costs and attorney's fees in this litigation, Dkt. No. 1 at 21, and Mr. Clark does not dispute that this litigation could thus implicate the protection of government property. Indeed, Mr. Clark acknowledges that some of OPLA's work "has been classified as exempt or excepted," despite the lapse in appropriations. Dkt. No. 34 at 5–6. Why work on this litigation has not been "authorized" when other work continues remains a mystery. *Id.* at 6. Finally, Mr. Clark does not explain why work on this litigation is not exempted when ICE received substantial

ORDER DENYING MOTION TO STAY AND CONTINUING BRIEFING SCHEDULE - 6

funding through the One Big Beautiful Bill. *Id.* Nor does he explain why this litigation does not qualify for contractor assistance. *Id.* at 4 n.1. In sum, the limited evidence offered by ICE fails to convince the Court that ICE will suffer a hardship if required to proceed with this long-pending litigation.

The only factor that weighs in favor of a stay is the orderly course of this litigation, because resolving the matter through cross-motions would be more efficient, and ICE avers that it cannot file its cross-motion without support from the ICE FOIA Office. Dkt. No. 33 at 3. However, in light of the public's interest in the records sought, this factor does not convince the Court that a stay is appropriate. Accordingly, the Court denies ICE's motion for a stay.

That said, additional factors show that a limited continuance of the briefing schedule is warranted. The filing of cross-motions would be more efficient and would conserve judicial resources. Moreover, ICE avers in its reply brief that it needs additional time to prepare its cross-motion because the AUSA assigned to this case since its inception will be leaving the Department of Justice. Dkt. No. 37 at 2. Finally, the parties made substantial progress toward a resolution before ICE purportedly backtracked. Dkt. No. 36 at 2. The Court therefore urges the parties to again attempt a resolution, and to let the Court know if they request mediation before a Magistrate Judge if one is available. For all of these reasons, the Court continues the current briefing schedule for 60 days.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion for a stay. Dkt. No. 33. The Court also CONTINUES the current briefing schedule as follows: Plaintiffs' motion for summary judgment is due May 29, 2026; Defendants' opposition is due June 26, 2026, and Plaintiffs' reply is due July 10, 2026. To the extent the parties plan on filing cross-motions for summary judgment, they must comply with the Court's Standing Order regarding such cross-

motions, and any cross-motion is due by June 26, 2026. No further extensions will be granted absent extraordinary circumstances.

Dated this 30th day of March, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION TO STAY AND CONTINUING BRIEFING SCHEDULE - 8